IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HENRY WILLIAMS** **PLAINTIFF**
**ADC #094006**

v.                    Case No. 4:22-cv-00826-KGB-PSH

**DEXTER PAYNE,** *et al.*                    **DEFENDANTS**

## ORDER

Before the Court is the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 112) (hereinafter "Recommendation"). Plaintiff Henry Williams has filed objections to the Recommendation (Dkt. No. 113). After careful consideration of the Recommendation, Mr. Williams's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 112). The Court writes separately to address Mr. Williams's objections (Dkt. No. 113).

**I.     Background**

Mr. Williams, currently confined in the Tucker Maximum Security Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 while confined at the Cummins Unit of the ADC (Dkt. Nos. 3, 33). After screening Mr. Williams's complaint and granting motions to dismiss, the following claims remain: (1) a First Amendment retaliation claim against Nurse Practitioner Lerizza Nunag; (2) an Eighth Amendment claim for failure to protect against Deputy Warden Robert Pierce, Warden Gary Musselwhite, Corporal Dennis Goins, Sergeant Natalie Bass, and Correctional Officer Laura Cook (the "ADC Defendants"); and (3) Eighth Amendment deliberate indifference claims against Nurse Nunag and Nurse Assistant Joseph Wesson-Points (originally named as Doe) (collectively the "Medical

Defendants") (Dkt. No. 94).¹  Pending before the Court are the ADC Defendants and the Medical Defendants' motions for summary judgment asserting that Mr. Williams did not exhaust his administrative remedies as to the claims against them before he filed this action (Dkt. Nos. 77-79, 98-100).

In her Recommendation, Judge Harris recommends that the Court grant, in part, and deny, in part, the motions for summary judgment (Dkt. No. 112).  Mr. Williams objects to Judge Harris's Recommendation (Dkt. No. 113).  The Court will address Mr. Williams's objections.

**II.    Objections**

Mr. Williams asserts that he has exhausted all of his claims brought against the ADC Defendants and the Medical Defendants and that their motions for summary judgment should be dismissed as a matter of law (Dkt. No. 113, ¶ 10).  Specifically, Mr. Williams objects to Judge Harris's Recommendation dismissing his failure to protect claims against Warden Musselwhite and Officer Cook for failure to exhaust his administrative remedies because Mr. Williams did not name or describe Warden Musselwhite or Officer Cook in grievance CU-00248 regarding the

---

¹ Mr. Williams has filed a notice an interlocutory appeal challenging the following portions of the Court's screening Order:

1. The Court's denial as moot of Mr. Williams's motion for injunctive relief;
2. The Court's dismissal without prejudice of Mr. Williams's claims against Wellpath for failure to state a claim upon which relief may be granted;
3. The Court's dismissal without prejudice of Mr. Williams's claims against the ADC Defendants in their official capacities;
4. The Court's dismissal without prejudice of Mr. Williams's retaliation claims against Warden Musselwhite, Deputy Warden Pierce, and Officer Cook;
5. The Court's dismissal without prejudice of Mr. Williams's understaffing claims against the ADC Defendants; and
6. The Court's dismissal without prejudice of Mr. Williams's failure to take corrective action claims against Warden Musselwhite and Director Payne for failing to transfer Mr. Williams to another prison facility.

(Dkt. No. 104).

March 11, 2022, attack (*Id.*, ¶ 12).  In his objections, Mr. Williams contends that he was prevented from naming Warden Musselwhite and Officer Cook in grievance CU-00248 because he was being detained in punitive isolation after he was physically attacked on March 11, 2022, and "officers Captain Wade, [Sergeant] Knight, [Sergeant] Adams, and other punitive isolation officers refuse[d] to provide plaintiff with the remaining names of the classification members" (Dkt. No. 113, at 5).

One of the purposes of the grievance requirements to name the official involved and describe his or her conduct is to provide prison officials with adequate opportunity to investigate and resolve the prisoner's complaint.  *See Jones*, 549 U.S. at 219; *Williams v. Capps*, Case No. 5:13-cv-47-DPM-JTR, 2013 WL 5574482, at *4 (E.D. Ark. 2013).  Mr. Williams asserts in his objections that he has provided "sworn affidavits in support with undisputed fact's [sic] as to this failure to protect claims" stating that "punitive isolation officers interfering [sic] personally preventing to provide Plaintiff Williams the names of [Warden] Musselwhite [and] [Officer] Laura Cook" (Dkt. Nos. 109, at 16; 113, at 7–8).[2]  Even if Mr. Williams was prevented from naming Warden Musselwhite and Officer Cook in his grievance because punitive isolation officers failed to provide him with the names of these defendants as Mr. Williams suggests, Mr. Williams could have described these defendants and their actions in his grievance in order for ADC officials to be on notice of the need to investigate these officials along with Assistant Warden Pierce when they attempted to resolve Mr. Williams's grievance.  Mr. Williams was able to use a description of an official and his activities to identify defendant Deputy Warden Pierce.  Mr. Williams stated in his

---

[2] The Court has reviewed Mr. Williams's affidavits at Docket No. 3 referenced in his objections (Dkt. No. 113, at 5).  The Court does not find any evidence of a grievance placing ADC officials on notice that Warden Musselwhite and Officer Cook failed to protect Mr. Williams from the March 11, 2022, attack (Dkt. No. 3, at 23–25).

initial grievance (CU-22-00248) dated March 13, 2022, "Ass. Warden was made aware of threats during classification before the committee" (Dkt. No. 98-2, at 10).  After his grievance was rejected, Mr. Williams proceeded to step two on March 18, 2022, stating, "refuse to answer." (*Id*.).  After his step two grievance was rejected because it allegedly concerned a disciplinary matter which is non-grievable, on March 21, 2022, Mr. Williams appealed and by that time had discovered a close enough name to provide in his appeal, "Asst. Warden Pearson was made aware of the threats during classification failed to investigate to prevent the attack on my life" to permit ADC officials to investigate (*Id*., at 12).  Mr. Williams was not prevented by punitive isolation officers from similarly describing Warden Musselwhite and Officer Cook in CU-22-00248 as he described Deputy Warden Pierce until such time as their names could be discovered.

  Mr. Williams suggests in his objections that in grievance CU-22-00248 he stated that all the classification committee members were "made aware of the prisoner's death threats toward plaintiff to cause physical harm during a classification meeting," which included Officer Cook and Warden Musselwhite (Dkt. No. 113, at 6).  Grievance CU-22-00248 does not make this assertion. Grievance CU-22-00248 specifically states that the "Ass. Warden," who Mr. Williams later names as "Asst. Warden Pearson," "was made aware of the threats during classification before the committee and did nothing to prevent" (Dkt. No. 98-2, at 10).

  Mr. Williams also mentions additional grievances CU 22-00454, CU-22-00501, and CU 22-00583 from June and July 2022 in his objections (Dkt. No. 113, at 8).  In her Recommendation, Judge Harris accurately describes Mr. Williams's additional grievances against the ADC Defendants in which he names Warden Musselwhite and Officer Cook.  As Judge Harris points out, in grievances CU 22-00454, CU-22-00501, and CU 22-00583 Mr. Williams expresses his continued fear that he will be attacked a second time and expresses his desire to be moved to

4

restrictive housing *following the March 2022 attack* (Dkt. No. 112, at 16–18). Unfortunately for Mr. Williams, while these grievances specifically name Warden Musselwhite and Officer Cook, these grievance do not relate back to any claim that Mr. Williams has that ADC officials failed to protect him from the March 2022 attack (Dkt. Nos. 3, at 20; 109, at 4, 10).

### III. Conclusion

For these reasons, upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. Williams's objections break no new ground and fail to rebut the Recommendation. The Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 112). It is therefore ordered that:

1. The Medical Defendants' and the ADC Defendants' motions for summary judgment are granted, in part, and denied, in part (Dkt. Nos. 77, 98).

2. The Court dismisses without prejudice Mr. Williams's retaliation claim against Nurse Nunag for failure to exhaust available administrative remedies.

3. Mr. Williams may proceed with his Eighth Amendment deliberate indifference claims against Nurse Nunag and Nurse Wesson-Points.

4. The Court dismisses without prejudice Mr. Williams's Eighth Amendment failure to protect claims against Warden Musselwhite and Officer Cook for failure to exhaust administrative remedies.

5. Mr. Williams may proceed with his Eighth Amendment failure to protect claims against Deputy Warden Pierce, Officer Goins, and Officer Bass.

So ordered, this 25th day of March, 2024.

                                                             _____
                                                             Kristine G. Baker
                                                             United States District Judge