**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**HENRY WILLIAMS** **PLAINTIFF**
**ADC #094006**

**v.** **Case No. 4:22-cv-00826-KGB**

**DEXTER PAYNE, *et al.*** **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Henry Williams's motion of objections to the Proposed Findings and Recommendation ("Recommendation") filed by United States Magistrate Judge Patricia S. Harris (Dkt. No. 220). Williams's motion was filed two days after the Court adopted Judge Harris's Recommendation. Accordingly, the Court will treat the motion as a motion for reconsideration (*Id*.).

**I. Background**

In an Order dated September 16, 2025, the Court adopted the Recommendation of Judge Harris and granted the motion for summary judgment of defendants Nurse Practitioner Lerizza Nunag and Nurse Assistant Joseph Wesson-Points and dismissed with prejudice Williams's claims against Nunag and Wesson-Points (Dkt. No. 217). The Court also granted the motion for summary judgment of Deputy Warden Robert Pierce, Officer Natalie Bass-Magee, and Officer Dennis Goins and dismissed with prejudice Williams's claims against Pierce, Bass-Magee, and Goins (*Id*.). The Court denied Williams's motion for summary judgment (*Id*.).

After the Court entered its Order adopting Judge Harris's Recommendation, Williams filed his motion for reconsideration (Dkt. No. 220). In the motion for reconsideration, Williams reiterates his objections to evidence that he raised in his response to the defendants' motions for summary judgment and reiterates the summary judgment standard (Dkt. No. 220, at 2). Williams

asserts that Judge Harris abused her discretion and showed bias and prejudice toward the evidence that he filed in support of his motion and in opposition to defendants' motions, but in his motion for reconsideration, Williams does not elaborate on these assertions or demonstrate how Judge Harris showed bias (*Id*., at 1). Williams argues that the granting of the motion for summary judgment in favor of defendants and the denial of Williams's motion for summary judgment should be reversed as a matter of law (*Id*., at 2).

## II. Legal Standard

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation omitted)*; see also Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018). The deadline for filing such motions is short: 28 days from entry of the judgment, with no possibility of an extension.

*Bannister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (citing Federal Rule of Civil Procedure 6(b)(2) prohibiting extensions to Rule 59(e)'s deadline).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Federal Rule of Civil Procedure 60(c)(1), a motion under Rule 60(b) for reasons (1) through (3) must be made no more than one year after the entry of the judgment, and a motion for reasons (4) through (6) must be made within a reasonable time.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 120 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).

As it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

> Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

**III. Analysis**

Here, Williams's motion is a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) because it was brought days after the entry of the Judgment in this case. As set forth above, however, Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted). Williams is neither arguing that the Court in adopting Harris's Recommendation committed a manifest error of law nor has Williams come forward with newly discovered evidence. Instead, Williams argues, without support, that Judge Harris had bias in construing the facts already presented. Accordingly, the Court declines to reconsider the Judgment under Federal Rule of Civil Procedure 59(e).

Analyzing Williams's motion under Rule 60(b), Williams does not argue that the dismissal of his lawsuit was a mistake, surprise, or that there was fraud. Williams has not argued under Rule 60(b)(4) or (b)(5), that the Judgment is void or has been satisfied, released, or discharged (Dkt. No. 220).

Perhaps falling under the category of another reason justifying relief under Rule 60(b)(6), Williams asserts that Judge Harris abused her discretion and showed bias and prejudice toward the evidence that he filed in support of his motion for summary judgment and in support of his

opposition to defendants' motions for summary judgment (*Id*., at 1). Judge Harris explained in the Recommendation that, in his motion for summary judgment, Williams had the burden of proof but, in bringing the motion, Williams mostly referred to his complaint for support (Dkt. No. 214, n.14). Judge Harris acknowledged in the Recommendation that Williams also references his deposition testimony; photographs of his head injury; the lock used to attack him; prison policies; a March 1, 2022, classification committee report; and the March 11, 2022, incident reports by Officers Goins and Bass, in his motion for summary judgment but that none of the evidence referred to by Williams was sufficient for the Court to award Williams summary judgment or to create a genuine issue of disputed material fact sufficient to defeat defendants' motions for summary judgment (*Id*.). Nothing in Williams's objections establishes exceptional circumstances that would cause the Court to determine that Judge Harris erred in her review of the facts or the law.

Williams objects to his Arkansas Division of Correction "pen pack" offered through witness Keigh Waddle because Williams asserts that he was transferred to the Tucker Maximum Security Unit on November 16, 2022 (Dkt. No. 204, at 5; 220, at 2). Even if what Williams asserts is true, this is not a reason to strike the entire exhibit offered by Waddle as inadmissible. More importantly, the date of Williams's transfer to the Tucker Maximum Security Unit was not a material fact relied on by this Court in arriving at its decision to adopt Judge Harris's Recommendation (Dkt. No. 214). Williams states that he objected to Dr. Mahlon Marris's affidavit, which was relied on by Judge Harris (Dkt. No. 220, at 2). Judge Harris addressed Williams's objections to Marris's affidavit in her Recommendation and found Williams had provided no legal basis for his objection to the affidavit (Dkt. No. 214, at 15). This Court agreed (Dkt. No. 217). Williams has not come forward with any exceptional circumstances that prevented

him from seeking relief through the usual channels (Dkt. No. 220). *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989).

The arguments raised by Williams in the objections are largely arguments that Williams raised in filing his motion for summary judgment and in responding to the defendants' motions for summary judgment (Dkt. Nos. 180-82; 201–206), and the arguments were rejected by Judge Harris in her Recommendation (Dkt. No. 214). The Court has reviewed the Recommendation and the record and has adopted Judge Harris's Recommendation in its entirety (Dkt. No. 217). While the Order adopting Judge Harris's Recommendation was an unfavorable decision for Williams, the Court arrived at its decision properly.

On the record before the Court, Williams does not point to any manifest errors of law or fact upon which the Court can rely to grant a motion to reconsider under Rule 60(b). For all of these reasons, the Court denies Williams's motion for reconsideration of the Court's Order adopting Judge Harris's Recommendation granting defendants' motions for summary judgment and denying Williams's motion for summary judgment (Dkt. No. 217).

**IV. Conclusion**

The Court denies Williams's motion of objections to the Proposed Findings and Recommendation (Dkt. No. 220), which the Court considers to be a motion for reconsideration of the Court's Order granting defendants' motions for summary judgment, denying his motion for summary judgment, and dismissing his case.

So ordered, this 31st day of August, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge